UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACY JENSON,<br><br>                Plaintiff,<br><br>  v.<br><br>NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO, and ADELL HUMPHREYS, and PAUL RINALDI,<br>                Defendants. | NO: CV-10-069-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REMAND |

    Before the Court is Defendant's Motion to Dismiss (Ct. Rec. 9). Defendants are National Air Traffic Controllers Association, AFL-CIO ("NATCA"), a union, its Chief of Staff, and its President. Plaintiff, Mr. Tracy Jenson, is a former union member proceeding *pro se*.

## BACKGROUND

    Mr. Jenson was employed as an air traffic controller by the Federal Aviation Administration ("FAA") until April 2003, when he voluntarily resigned his position (Ct. Rec. 11 at 3; Ct. Rec. 3 at 2). While employed as an air traffic

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

controller, Mr. Jenson was a member of NATCA. In the early 1990's, the FAA decided to privatize certain air traffic control towers. In 1994, NATCA and individual air traffic controllers filed a lawsuit challenging the FAA's decision to privatize certain air traffic control towers (Ct. Rec. 10-4 at 29). A federal district court vacated the privatization program (Ct. Rec. 4 at 29). Apparently, NATCA's lawsuit delayed Mr. Jenson's scheduled move to a new air traffic control facility (Ct. Rec. 3 at 1; Ct. Rec. 13 at 2). Mr. Jenson alleges that (1) when he finally did move to a new facility, he improperly received a smaller pay raise than what he was entitled to and that (2) NATCA failed to represent him by not fixing this mistake (Ct. Rec. 1 at 7). Mr. Jenson acknowledges that he received a 54.5% pay raise over a four year period while alleging that other employees received at least a 100% pay raise over the same time period (Ct. Rec. 3 at 8).

On or about January 21, 2010, Mr. Jenson filed a complaint in small claims court in Spokane County against NATCA for "Financial assault—Refusal to Represent—Fraudulent Acceptance of Union Dues—Breach of Contract" (Ct. Rec. 1 at 7). Named Defendants are NATCA and Adell Humphreys, NATCA's chief of staff. Subsequently, Paul Rinaldi, NATCA's president, became an additional named defendant (Ct. Rec. 1 at 2).

On or about February 18, 2010, NATCA received a copy of Mr. Jenson's pleading (Ct. Rec. 1 at 2). On March 17, 2010, Defendants filed a notice of

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

removal on the grounds that Mr. Jenson's claim alleges a breach of a collective bargaining agreement and/or the duty of fair representation, which alleges an unfair labor practice, the adjudication of which lies within the exclusive jurisdiction of the Federal Labor Relations Authority ("FLRA") (Ct. Rec. 1). In their Motion to Dismiss, Defendants contend that this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff's claims are subject to the exclusive jurisdiction of the Federal Labor Relations Authority (Ct. Rec. 9 at 1-2).

On March 19, 2010, Mr. Jenson filed a "Request to Deny Petition for Removal From Small Claims" (Ct. Rec. 3). Defendants construed this objection as a Motion to Remand and responded accordingly (Ct. Rec. 6).

Mr. Jenson has routinely sought legal redress for these alleged wrongs, including in a number of cases. In September of 2004, Mr. Jenson attempted to intervene in litigation between NATCA and the FAA by filing a motion for order of contempt (Ct. Rec. 10-4 at 29). Similar to his present complaint, Mr. Jenson claimed then that the agreement between NATCA and the FAA caused him to receive a smaller pay increase than other employees (Ct. Rec. 10-4 at 32). The court dismissed the claim, finding that it did not have subject matter jurisdiction (Ct. Rec. 10-4 at 32).

On January 29, 2007, Mr. Jenson filed an action against NATCA and the FAA in small claims court in the District of Columbia (Ct. Rec. 10-5 at 34). He

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

alleged a nearly identical claim of "financial assault" and sought the return of $5,000 of union dues (Ct. Rec. 10-5 at 34). The case was removed to federal court and dismissed for Mr. Jenson's failure to respond to a Motion to Dismiss (Ct. Rec. 10-6 at 36).

In November of 2009, Mr. Jenson, proceeding *in forma pauperis*, filed a complaint in the Eastern District of Washington, again alleging that NATCA improperly delayed his move to another facility and that he received a smaller pay increase than other employees in violation of the Equal Pay Act (Ct. 10-9 at 49).[1] The court dismissed the complaint for failing to comply with the requirements of Fed. R. Civ. P. 8(a) (Ct. Rec. 10-9 at 49). The court expressed that it had not been satisfied that "jurisdiction and venue" were properly stated by Mr. Jenson (Ct. Rec. 10-9 at 50).

Mr. Jenson also has sought relief via the FLRA (Ct. Rec. 13 at 13; Ct. Rec. 10-7 at 37).

## APPLICABLE LAW

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate when the court lacks subject matter jurisdiction over a claim.

---

[1] Mr. Jenson states that this case, unlike his 2009 case, does not claim a violation of the Equal Pay Act (Ct. Rec. 13 at 11).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

Fed.R.Civ.P. 12(b)(1).  When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988), cert. denied, 489 U.S. 1052 (1989); *See, e.g., Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947) ("when a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist").

"Federal courts are not courts of general jurisdiction; they have only that power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist*., 475 U.S. 534, 541 (1986).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Civil Service Reform Act of 1978, 5 U.S.C. §§ 7101 *et seq*. ("CSRA"), is "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *United States v. Fausto*, 484 U.S. 439, 445 (1988).  In explaining the preclusive effect of the CSRA, the Supreme

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

Court stated that it was enacted to replace "the haphazard arrangements for administrative and judicial review of personnel action." *Id.* at 444.

NATCA is a labor organization within the meaning of 5 U.S.C. § 7103(a)(4) of the CSRA. The CSRA defines "grievance" as any complaint concerning "the effect or interpretation, or a claim of breach, of a collective bargaining agreement." 5 U.S.C. § 7103(a)(9)(C)(i). 5 U.S.C. § 7121(a)(1) states,

> Except as provided in paragraph (2) of this subsection, any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability. Except as provided in subsections (d), (e), and (g) of this section, the procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage.

*Id.* 5 U.S.C. § 7121(a)(2) allows a collective bargaining agreement to exclude any matter from the application of the grievance procedure which is provided for in the agreement. Subsections (d), (e), and (g) pertain to the election of remedies when the grievance involves "prohibited personnel practices" as set forth under 5 U.S.C. § 2302(b), 5 U.S.C. § 4303, and 5 U.S.C. § 7512. "[A]ny grievance not satisfactorily settled under the negotiated grievance procedure shall be subject to binding arbitration which may be invoked by either the exclusive representative or the agency." § 7121(b)(1)(C)(iii).

NATCA and the FAA were parties to a collective bargaining agreement, effective September 1998, which included a mandatory grievance procedure for the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

handling of complaints by "any employee concerning any matter relating to the employment of the employee" (Ct. Rec. 10-10 at 53). Therefore, the CSRA applies in this case and precludes any other court from addressing issues that fall within CSRA. *See* 5 U.S.C. §§ 7101 *et seq.*

## APPLICATION

**1. Allegation of Improperly Receiving a Smaller Pay Raise**

Defendants contend that Mr. Jenson's allegation that he improperly received a smaller pay raise constitutes a claim for breach of the collective bargaining agreement (Ct. Rec. 11 at 8). This in turn constitutes a grievance under 5 U.S.C. § 7103(a)(9)(C)(i). Accordingly, Defendants argue that under 5 U.S.C. § 7121(a), Plaintiff's exclusive available procedure was the one outlined in the collective bargaining agreement and finally the FLRA (Ct. Rec. 10-10 at 53). Therefore, Defendants contend that this Court lacks subject matter jurisdiction over Mr. Jenson's action under 5 U.S.C. § 7121(a).

The Court finds that NATCA is a labor organization within the meaning of 5 U.S.C. § 7103(a)(4). Mr. Jenson's complaint of an improper pay raise is a grievance under U.S.C. § 7103(a)(9)(C)(i). 5 U.S.C. § 7121(a)(1) does generally provide the exclusive procedures for resolving grievances which fall within its coverage and NATCA and the FAA were parties to a collective bargaining agreement which included a mandatory grievance procedure (Ct. Rec. 10-10 at 53).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

However, there are exceptions to the exclusive administrative procedures for resolving grievances in subsections (d), (e) and (g) of 5 U.S.C. § 7121(a). Subsections (d) and (g) are relevant to prohibited personnel practices. Mr. Jenson states that NATCA did cause a prohibited personnel practice under 5 U.S.C. § 2302(b)(9)(a) (Ct. Rec. 13 at 4). § 2302(b)(9)(a) states,

> [a]ny employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority . . . take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of . . . the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation.

*Id.* Specifically, Mr. Jenson states that NATCA "fail[ed] to take the personnel action (pay raise) because of a complaint against the employer" (Ct. Rec. 13 at 4). However, Mr. Jenson has consistently stated that it was the delay in the move to a new facility that caused his smaller pay increase rather than its resulting from an "appeal, complaint, or grievance" filed by Mr. Jenson (Ct. Rec. 3 at 2; Ct. Rec. 13 at 2-3). Accordingly, 5 U.S.C. § 2302(b)(9)(a) is not applicable and none of the other exceptions of subsections (d), (e) and (g) of 5 U.S.C. § 7121(a) applies.

Even though Defendants were able to remove to federal court on the basis of federal question jurisdiction, 28 U.S.C. §1331, because Congress legislated that CSRA control issues of this type, Plaintiff has no legal claim

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

under CSRA.  In addition, Plaintiff has not alleged any other law or legal basis for this Court to assert federal court jurisdiction and address Plaintiff's issues in this matter.  Therefore, the Court is without subject matter jurisdiction to consider this claim.

### 2. Allegation of Failure to Represent

Defendants argue that Mr. Jenson's second claim, that the Union failed to represent him by not fixing the alleged pay scale error, constitutes an unfair labor practice, of which this Court does not have subject matter jurisdiction (Ct. Rec. 11 at 8).  *See Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263*, 489 U.S. 527, 529 (1989)  *Karahalios* holds that no private right of action exists under the CSRA for breach of a federal employee's right to fair representation by a union. Therefore, this Court also lacks subject matter jurisdiction to hear Mr. Jenson's second claim of an unfair labor practice.

### 3. Motion to Remand

Mr. Jenson claims this Court is without jurisdiction because there is no federal question as he seeks "return of union dues only" (Ct. Rec. 3 at 1).  The Court construes Mr. Jenson's objection as a motion to remand to the state small claims court.  However, Mr. Jenson's rationale for his entitlement to these dues goes back to his underlying allegations:  (1) that when he moved to a new facility, he improperly received a smaller pay raise than what he was entitled to, and that

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9

(2) NATCA failed to represent him by not fixing this mistake (Ct. Rec. 1 at 7).  As discussed *supra*, these claims raise federal questions even though Congress has limited the subject matter jurisdiction of federal courts to hear such claims.  To remand to the state small claims court "would interfere with the congressional objective of making the CSRA an 'exclusive' forum" for such challenges." *Saul v. United States,* 928 F.2d 829, 841 (9th Cir. 1991).  Accordingly, Mr. Jenson's Motion to Remand is denied.

Accordingly,

    **IT IS HEREBY ORDERED**:

    1.    Defendant's Motion to Dismiss (**Ct. Rec. 9**), is **GRANTED**.

    2.    Plaintiff's Motion to Remand (**Ct. Rec 3**) is **DENIED.**

The District Court Executive is directed to enter this Order, provide copies to Plaintiff and counsel, enter judgment consistent with this order, and **CLOSE THE FILE**.

    **DATED** this 7th day of September, 2010.

                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                              United States District Court Judge